**IN THE COURT OF APPEALS OF IOWA**

No. 18-0480
Filed June 6, 2018

**IN THE INTEREST OF E.P.,**
**Minor Child,**

**T.P., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Clinton, Phillip J. Tabor, District
Associate Judge.

A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**

J. David Zimmerman, Clinton, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

Barbara E. Maness, Davenport, guardian ad litem for minor child.

Considered by Danilson, C.J., and Mullins and McDonald, JJ. Tabor, J.,
takes no part.

**DANILSON, Chief Judge.**

The State filed a petition to terminate the mother's parental rights to E.P., born in November 2014, pursuant to Iowa Code section 232.116(1)(a), (b), (d), (e), (h), and (k) (2017). The child was removed from the mother's custody on July 20, 2017, and was adjudicated a child in need of assistance on September 12. On March 6, 2018, the mother engaged in a colloquy with the court and consented to the termination of her parental rights to her three-year-old child. *See* Iowa Code § 232.116(1)(a). She now appeals,[1] contending termination of her parental rights was not in the child's best interests due to the closeness of her bond with the child.

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

In making the best-interests determination, the primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interests" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

The mother struggles with serious mental health issues. While she clearly loves her child, E.P. cannot remain in her care safely. E.P. is living with and

---

[1] The court also terminated the father's parental rights pursuant to section 232.116(1)(a). He does not appeal.

bonded with her maternal grandparents. E.P. is doing well in their care, and they have expressed the desire to adopt E.P. They have also expressed to service providers that they intend to allow continuing contact between E.P. and the mother so long as the mother's mental health is stable. Under these circumstances, E.P.'s safety and long-term nurturing and growth are best served by termination of the mother's parental rights and adoption. *See A.M.*, 843 N.W.2d at 112 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("We do not 'gamble with the child[]'s future' by asking them to continuously wait for a stable biological parent, particularly at such tender ages." (citation omitted)).

We add that the mother has also failed to properly preserve error by her consent to the termination. *See In re J.R.*, No.16-0303, 2016 WL 1702956, at *1 (Iowa Ct. App. Apr. 16, 2016) (holding father did not preserve error when he voluntarily consented to termination). Because the mother consented to termination and termination is in the child's best interests, we affirm.

**AFFIRMED.**